LOUIS THESIER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 32182.) LOUIS THESIER et al., Successors in Interest to ROBERT L. PAUL, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 32382.) — The State appeals from two judgments of the Court of Claims awarding claimants $5,900 and $12,000 respectively for the permanent partial appropriation of claimants' farm lands, and from an order amending the original decisions of the Court of Claims. The lands involved were appropriated for Thruway purposes and affect two farms, one of 94 acrés and one of 219 acres, located in the town of Sullivan, Madison County. A substantial part of the farms consists of "muck land". One of the claims was filed pursuant to an enabling act. (L. 1953, ch. 836.) The awards were made for the land taken, for land rendered inaccessible, and for consequential damage to remaining lands. The initial decisions awarded consequential damages "to claimants' farm, for crop loss, and recurrent flood conditions created." Thereafter, and before the entry of judgments, claimants moved, by order to show cause, for an order to amend, clarify and modify the decisions. An order was made which recited, in part: "ORDERED that the decisions in the above-entitled claims are hereby amended, clarified and modified as follows". The significant change was to make the portion relating to consequential damages read: "to claimants' farm, for crop loss, and flood conditions created prior to September 28, 1953,— the date on which the claim herein was filed." Appellant challenges the power of the Court of Claims to make such modification. There would seem little doubt that the court had such authority under section 105 of the Civil Practice Act, but, if there be any question about that, the court is expressly and clearly given such authority by subdivision 8 of section 9 of the Court of Claims Act, which gives the court jurisdiction "To open defaults; to vacate, amend, correct, or modify any process, claim, order or judgment, in furtherance of justice for any error in form or substance; before entry of judgment, to reopen a trial and permit

submission of further evidence; to grant a new trial upon any grounds for which a new trial may be granted in the supreme court." It seems obvious, from the fact that the amount of the awards was not changed, that the court, in making the order had in mind clarifying the language to remove any possible ambiguity as to what was intended in the first place, and to clearly bring the decision within the limits of the enabling act. The State also contends that the judgments entered upon the amended decisions are excessive. We think the awards are well within the permissive range of the testimony in the record. Judgments affirmed, with one bill of costs, and the order is affirmed, with $10 costs. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.